**Nos. 25-1698, 25-1755**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; PLANNED PARENTHOOD LEAGUE OF MASSACHUSETTS; PLANNED PARENTHOOD ASSOCIATION OF UTAH,

*Plaintiffs-Appellees*,

v.

ROBERT F. KENNEDY, JR., in the official capacity as Secretary of the U.S. Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; MEHMET OZ, in the official capacity as Administrator of the Centers for Medicare & Medicaid Services; and CENTERS FOR MEDICARE AND MEDICAID SERVICES,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Massachusetts

## RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR RECONSIDERATION AND TO EXPEDITE BRIEFING

BRETT A. SHUMATE
   *Assistant Attorney General*
LEAH B. FOLEY
   *United States Attorney*
ERIC D. McARTHUR
   *Deputy Assistant Attorney General*
DANIEL TENNY
STEVEN H. HAZEL
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7217*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-2498*
   *Steven.H.Hazel@usdoj.gov*

## RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR RECONSIDERATION AND TO EXPEDITE BRIEFING

Plaintiffs' extraordinary request that this Court vacate its recent stay order is meritless. Plaintiffs make no attempt to satisfy the standards governing requests for rehearing. Instead, they rehash, in a cursory fashion, the same arguments that this Court considered and rejected less than a week ago. Nothing has changed. Plaintiffs identify no intervening precedent, no previously undiscovered evidence, and no arguments the Court "has overlooked or misapprehended." *In re Nexium Antitrust Litig.*, 845 F.3d 470, 475 (1st Cir. 2017) (quoting Fed. R. App. P. 40(a)(2)). Plaintiffs' wish that the Court had reached a different result is not a basis for rehearing. Nor is there any basis for the extraordinary expedition of the merits briefing that plaintiffs request. The mechanism for seeking relief before the Court can fully consider the case on the merits is a motion for a stay pending appeal. Having lost in the stay posture before this Court, and having apparently decided not to seek relief from the Supreme Court, plaintiffs are not entitled to turn this Court's merits review from a more thorough consideration of the issues into an equally rushed exercise.

**1.** Apart from conclusory assertions, plaintiffs have nothing to say about the merits. That is unsurprising, as plaintiffs' claims are baseless for the reasons given in the government's prior filings. Halting the flow of federal funds to prohibited entities bears no resemblance to the severe punishments the Supreme Court has understood as implicating the Bill of Attainder Clause. *See* Stay Mot. 7-13; Reply 1-4. And

because the funding restriction applies without regard to any form of expression, it raises no First Amendment concern. *See* Stay Mot. 13-20; Reply 4-9. Plaintiffs' failure to demonstrate a likelihood of success on the merits is a sufficient basis for granting a stay. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that a likelihood of success is an essential prerequisite for the issuance of a preliminary injunction).

Instead of addressing the merits, plaintiffs reiterate the equitable arguments that this Court already considered. Plaintiffs largely rehash factual assertions included in their stay opposition and fail to identify any circumstances that would permit them to introduce factual assertions not previously before the Court. Plaintiffs again emphasize (at 4-5) that they could serve more patients if they were given federal funding, but they fail to explain why that would entitle them to taxpayer dollars that Congress withheld. Similarly, plaintiffs' contention (at 7) that the preliminary injunctions "preserved the status quo" ignores that the status quo includes an Act of Congress forbidding the payments that the injunctions would compel. And plaintiffs likewise offer no response to the rule that in "virtually all" cases where a lower court has held a federal statute unconstitutional, an appellate court should "grant[] a stay if requested . . . by the Government." *Bowen v. Kendrick*, 483 U.S. 1304, 1304 (1987) (Rehnquist, C.J., in chambers).

Plaintiffs' claim (at 3) that the government "delayed" seeking a stay is refuted by plaintiffs' own description of this case's procedural history. At every turn, the

2

government has acted with dispatch: we preemptively requested a stay in our opposition to plaintiffs' preliminary injunction motion, Dkt. No. 53; renewed that request in a standalone motion that asked the district court to rule by August 11, Dkt. No. 85; moved for a stay in this Court hours after the district court indicated that it would not rule by that date; refrained from seeking leave to file a reply in district court to facilitate that court's prompt review; Dkt. No. 90; again moved for a stay in this Court when the district court did not rule on the government's requested timeline; and filed our reply in support of the stay motion two days after plaintiffs' response. To accuse the government of delay in these circumstances is absurd.

**2.** For similar reasons, this Court should deny plaintiffs' belated request for expedited briefing. That request is the one that can be appropriately described as reflecting inappropriate delay. Plaintiffs have never before suggested that this case calls for expedition. The Court accordingly established a standard briefing schedule under which the government's opening brief is due on September 29, plaintiffs' response is due 30 days later, and the government's reply is due 21 days after that.

Although the Court set that schedule nearly a month ago, plaintiffs now insist that a vastly compressed timeline is warranted. They propose (at 8) that all briefs be filed next week, with the opening brief due on September 22, the response due on September 24, and the reply due on September 26. This timeline appears to be designed to enable this Court to issue a decision by October 1, the first date on which prohibited entities can begin to be identified (thus leaving four days for the Court to

3

decide the case, even leaving aside the possibility of rehearing en banc). Even on the mistaken assumption that the stay ruling somehow justifies plaintiffs' newfound desire to expedite the merits briefing, plaintiffs have not explained why they could not have moved for expedition fewer than five days after that ruling was issued, and thus more than six days before they now propose that the government file its opening brief (one of which is consumed with responding to their reconsideration motion).

In any event, plaintiffs identify no basis for extreme expedition. The point of the stay litigation was to determine whether the statute should remain in effect while this Court considers full merits briefing, potentially hears argument, and renders a decision. The Court determined that the district court's preliminary injunctions should be stayed during that period. Plaintiffs' disagreement with that determination does not entitle them to a briefing schedule so truncated that it would essentially amount to a do-over of the stay litigation.

The existing briefing schedule is appropriate in the circumstances of this case. Under that schedule, the government's opening brief is due less than two weeks from today. If plaintiffs wish to file their response less than 30 days after that, the government does not object. The government would then need to submit its reply within 21 days of plaintiffs' filing. That period is necessary given the importance of this case, which involves constitutional challenges to an Act of Congress, and given that the draft reply brief will need to be reviewed by various internal government

4

stakeholders. If plaintiffs file their response brief ahead of schedule, the case could be fully briefed ahead of this Court's November sitting.

## CONCLUSION

For the reasons given above, the Court should deny plaintiffs' motion.

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*
LEAH B. FOLEY
   *United States Attorney*

ERIC D. MCARTHUR
   *Deputy Assistant Attorney General*

DANIEL TENNY

 */s/ Steven H. Hazel*
STEVEN H. HAZEL
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7217*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-2498*
   *Steven.H.Hazel@usdoj.gov*

September 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,002 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point Garamond typeface.

*/s/ Steven H. Hazel*
STEVEN H. HAZEL

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

　　　　　　　　　　　　　　　　　　*/s/ Steven H. Hazel*
　　　　　　　　　　　　　　　　　　STEVEN H. HAZEL