| | |
|---|---|
| **From:** | |
| **Sent:** | Friday, November 21, 2025 11:20 AM |
| **To:** | |
| **Cc:** | |
| **Subject:** | RE: Important Information Regarding Section 71113, "Federal Payments to Prohibited Entities," of Public Law 119-21 |

All,

The email sent last night inadvertently included the clause "confidential, iterative, pre-decisional" in the signature block. The version you just received omits that language but is otherwise unchanged. For avoidance of any doubt, the communication was not confidential, iterative, or pre-decisional.

**From:**
**Sent:** Friday, November 21, 2025 10:05 AM
**To:**
**Cc:**

**Subject:** Important Information Regarding Section 71113, "Federal Payments to Prohibited Entities," of Public Law 119-21

Dear Medicaid Director:

I am writing to share important information with you regarding Section 71113, "Federal Payments to Prohibited Entities," of Public Law 119-21, enacted on July 4, 2025, which CMS refers to as the Working Families Tax Cut (WFTC) legislation.

***Overview: Section 71113. Federal Payments to Prohibited Entities***
Section 71113 prohibits federal Medicaid funding for items and services furnished during the 1-year period beginning July 4, 2025, by a "prohibited entity," defined as an entity that meets the below four conditions as of October 1, 2025, along with such an entity's affiliates, subsidiaries, successors, and clinics. The four conditions are as follows:

1) The entity is a nonprofit organization described in section 501(c)(3) of the Internal Revenue Code of 1986 and exempt from tax under section 501(a) of that Code.
2) The entity is an essential community provider[1] primarily engaged in family planning services, reproductive health, and related medical care.
3) The entity provides for abortions other than an abortion if the pregnancy is the result of an act of rape or incest, or in the case where a woman suffers from a physical disorder, physical injury, or physical illness, including a life-endangering physical condition caused by or arising from the pregnancy itself, that would, as certified by a physician, place the woman in danger of death unless an abortion is performed.
4) The total amount of federal and state[2] Medicaid expenditures for medical assistance furnished in fiscal year 2023 made directly, or by a "covered organization,"[3] to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity, or made to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity as part of a nationwide health care provider network, exceeded $800,000.

The federal funding prohibition applies to "any payments made directly to the prohibited entity or under a contract or other arrangement between a [s]tate and a covered organization." As discussed further below, consistent with existing processes on quarterly expenditure reporting, states should expect to provide assurances that claims for federal financial participation (FFP) are only for Medicaid expenditures permitted by law.

*State Identification of Prohibited Entities*
State Medicaid agencies are responsible for identifying the prohibited entities enrolled in their Medicaid program for purposes of ensuring compliance with Section 71113. If an entity (along with its affiliates, subsidiaries, successors, and clinics) meets the four conditions described above, the entity is a prohibited entity. If information readily available to the state, including claims data, indicates that an entity meets some conditions, but information is inconclusive about whether it meets other conditions, then the state should contact the entity directly to obtain any additional information necessary to determine if the conditions are met. For example, if a state's own records indicate that an entity meets the first three conditions, but has only $700,000 in applicable expenditures made by the state and its covered organizations, it should contact the entity to determine any additional applicable expenditures made to:

- The entity by other states
- The entity's affiliates, etc. by the state or other states
- The entity as part of a nationwide health care provider network
- The entity's affiliates, subsidiaries, successors, or clinics as part of a nationwide health care provider network.

To aid in states' identification of a prohibited entity, CMS interprets the statutory term 'affiliate' to mean "a corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation."[4]  We further define "control" as: "the direct or indirect power to govern the management and policies of a person or entity, whether through ownership of voting securities, by contract, or otherwise; the power or authority to manage, direct, or oversee." [5]

We note that at any time, CMS may require a state to provide its list of prohibited entities to validate the state's claims for FFP.

*Implications for Managed Care*
The prohibition in section 71113(a) applies to federal funds for "any payments made directly to the prohibited entity or under a contract or other arrangement between a state or a covered organization" (i.e., MCO, PIHP, PAHP, or PCCM). Under CMS's interpretation of section 71113(a), payments made by covered organizations to prohibited entities, such as provider payments, including state directed payments (SDPs), are not allowable expenditures eligible for Federal matching funds.[6]

States must ensure their managed care programs comply with section 71113 and applicable requirements under 42 CFR Part 438. States and their actuaries should evaluate whether implementation of section 71113 necessitates adjustments to Medicaid capitation rate development or constitutes a material adjustment requiring an amended rate certification.[7] Additionally, states should review any SDPs to determine whether revisions are required and how such SDPs are accounted for in capitation rate development and rate certifications.

States must also ensure that all Medicaid managed care contracts comply with all applicable federal and state laws, including Section 71113 of WFTC legislation.[8] To ensure clarity, states should assess if their managed care contracts should be revised to detail the requirements of section 71113. For example, states may wish to specify in their managed care contracts that payments to prohibited entities are not allowable expenditures of Federal funds under section 71113(a), and that any expenditures to such entities made by MCOs, PIHPs, PAHPs, and PCCMs are not eligible for FFP.

*Expenditure Claiming and Quarterly Reporting*
This section of the WFTC legislation, enacted on July 4, 2025, is in effect and as such, states should be aware of this provision when submitting claims for FFP for expenditures related to items or services furnished on or after July 4, 2025, by entities that meet the statutory "prohibited entity" criteria as of October 1, 2025. Consistent with existing processes on quarterly expenditure reporting, states should expect to provide assurances that claims for FFP are only for Medicaid expenditures permitted by law. If a state has already claimed or has drawn down FFP on or after July 4, 2025 for payments to entities identified as prohibited entities as of October 1, 2025, it should promptly withdraw or correct the claim, or return FFP, as required by applicable statutory and regulatory requirements.

Thank you for your attention to this issue and if you have questions please email.

Dan Brillman
Deputy Administrator, CMS
Director, Center for Medicaid and CHIP Services

Footnotes:

[1] As described in regulations at 45 CFR § 156.235, as in effect on July 4, 2025, the date of enactment of the WFTC legislation.

[2] "State" includes the states, the District of Columbia, and the territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands). *See* section 71113(b)(4) (referencing section 1101 of the Social Security Act).

[3] A "covered organization" is a managed care organization (MCO), primary care case manager (PCCM), prepaid inpatient health plan (PIHP) or a prepaid ambulatory health plan (PAHP) as defined in 42 CFR § 438.2.

[4] *Black's Law Dictionary* (12th ed. 2024).

[5] *Black's Law Dictionary* (12th ed. 2024).

[6] 42 CFR § 438.6(c)

[7] 42 CFR §§ 438.5(b)(4), 438.5(f), 438.7(b)(4), and 438.7(c)(2)

[8] 42 CFR § 438.3(f)

[1] As described in regulations at 45 CFR § 156.235, as in effect on July 4, 2025, the date of enactment of the WFTC legislation.

[2] "State" includes the states, the District of Columbia, and the territories (American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands). *See* section 71113(b)(4) (referencing section 1101 of the Social Security Act).

[3] A "covered organization" is a managed care organization (MCO), primary care case manager (PCCM), prepaid inpatient health plan (PIHP) or a prepaid ambulatory health plan (PAHP) as defined in 42 CFR § 438.2.

[4] *Black's Law Dictionary* (12th ed. 2024).

[5] *Black's Law Dictionary* (12th ed. 2024).

[6] 42 CFR § 438.6(c)

[7] 42 CFR §§ 438.5(b)(4), 438.5(f), 438.7(b)(4), and 438.7(c)(2)

[8] 42 CFR § 438.3(f)